UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN MURPHY,

    Plaintiff,

v.                                            CASE NO. 8:20-cv-2819-T-36SPF

CHRISTINA EMILIUS in her
individual capacity and as Sarasota
County Sheriff's Office Deputy,
and CHRISTOPHER KURVIN,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court are *pro se* Plaintiff's complaint (Doc. 1) and his application to proceed *in forma pauperis* (Doc. 2). Plaintiff seeks a waiver of the filing fee for his complaint, which alleges that a Sarasota County deputy sheriff conspired with another person to violate Plaintiff's civil rights. The undersigned recommends that the motion be denied and Plaintiff's complaint dismissed without prejudice.

**A. Plaintiff's Complaint**

Plaintiff alleges that on June 27, 2020, Deputy Christina Emilius of the Sarasota County Sheriff's Office accosted him at his house, accompanied by Defendant Christopher Kurvin (Doc. 1 at 4). The Court gleans from Plaintiff's complaint that Defendant Kurvin (a private citizen) operates a cleaning business, that one of his employees had cleaned carpets at Plaintiff's house, and that Plaintiff did not pay him. In

Plaintiff's words, "Emilius and Kurvin arrived at the home of Plaintiff. Kurvin had demanded to be paid for carpet cleaning that an employee had performed at Plaintiff's home that was not satisfactory to Plaintiff." (*Id.*) Deputy Emilius then "confronted [Plaintiff], placing her hand on her firearm demanding that [Plaintiff] immediately pay Kurvin for the cleaning." (*Id.*) She screamed at Plaintiff, "accusing him of being a thief and says 'you belong behind bars,' again placing her hand on her firearm." (*Id.*) Deputy Emilius did not arrest Plaintiff, and he was not charged with a crime. But Plaintiff avers Defendants prevented him from entering his home and contacting an attorney during the encounter. (*Id.*)

Plaintiff purports to sue Deputy Emilius (in both her individual and official capacities) and Kurvin under 42 U.S.C. § 1983, for violating 18 U.S.C. §§ 241, 242, 1621, and 1623, and 28 U.S.C. § 2680, and for violating Plaintiff's (unspecified) Constitutional rights (Doc. 1 at 3-4). According to Plaintiff, "[b]oth defendants have submitted knowingly false affidavits with the clear intent to harm Plaintiff Murphy. Both defendants conspired to falsely accuse Murphy of a crime, where in fact no crime occurred. Defendant Emilius and defendant Kurvin clearly violated statutory or Constitutional rights of which a reasonable person would have known." (*Id.* at 4). Plaintiff has suffered "severe psychological trauma due to the actions of both defendants. Plaintiff has been unable to work and earn a living." (*Id.* at 5). He seeks one million dollars in damages from each Defendant "for compensatory and punitive damages plus attorney fees, costs of this action and prejudgment interest." (*Id.*).

2

### B. *In forma pauperis* statute

Under 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A suit is frivolous when it is "without any merit in fact or law." *Selensky v. Alabama*, 619 F. App'x 846, 848 (2015)[1]. Where a district court determines from the face of the complaint that the factual allegations are baseless, or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The phrase "fails to state a claim on which relief may be granted" has the same meaning as the nearly identical phrase in Rule 12(b)(6), Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). Namely:

> To withstand a motion to dismiss, a complaint must state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). This requires sufficient "factual content that allows

---

[1] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

> the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at ——, 129 S.Ct. at 1949. Although we must accept all factual allegations in the complaint as true, we need not apply this rule to legal conclusions. *Id*. at ——, 129 S.Ct. at 1949. Furthermore, the factual allegations must go beyond "naked assertions" and establish more than "a sheer possibility" of unlawful activity. *Id*. at ——, 129 S.Ct. at 1949 (quotation marks, alteration, and citation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

*Azar v. Nat'l City Bank*, 382 F. App'x 880, 884 (11th Cir. 2010).

And under Rule 8(a)(2), Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell*, 550 U.S. at 555).

### B. Analysis

Section 1983 creates no substantive rights. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Rather, § 1983 creates a vehicle through which an individual may seek redress when their federally protected rights have been violated by an individual acting under color of state law. *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994). To state a claim for relief under § 1983, a plaintiff must allege: (1) an act or omission deprived him of a right, privilege, or immunity secured by federal law; and (2) that the act or omission was committed by a state actor or a person acting under color of state law. *Hale v. Tallapoosa Cty.,* 50 F.3d 1579, 1582 (11th Cir. 1995); *Bannum, Inc. v. City of Ft. Lauderdale*, 901 F.2d 989, 996–97 (11th Cir.1990). The first step in analyzing any such claim is to identify the

4

specific constitutional or statutory right allegedly violated by the defendant. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Baker*, 443 U.S. at 144 n.3).

Federal law provides government officials a qualified immunity when sued individually for an alleged violation of a clearly established statutory or constitutional right.[2] The doctrine of qualified immunity shields "government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The doctrine permits "government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). The Supreme Court "repeatedly ha[s] stressed the importance of

---

[2] Plaintiff's claims against Defendant Kurvin fail as a matter of law because he does not allege that Kurvin is a state actor. Additionally, although Plaintiff purports to sue Deputy Emilius in both her official and individual capacities as a deputy sheriff, his official capacity claims fail straight out of the box. When a § 1983 plaintiff sues government employees (such as police officers) in their official capacities, the suit is against the entity that the individuals represent. *Farred v. Hicks*, 915 F.2d 1530 (11th Cir. 1990). Consequently, Plaintiff's complaint fails to state a cognizable claim against Deputy Emilius in her official capacity because it does not contain any allegations that show that the Sarasota County Sheriff's Office is liable for any alleged wrongdoing. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690-91 (1978) (a claim against a municipal defendant must allege the deprivation of a federal right pursuant to an official policy, practice or custom of the defendant). A plaintiff seeking to impose liability on a municipality under § 1983 must identify a policy or custom that caused the constitutional injury. *Thornton v. Chronister*, 309 F. Supp. 3d 1196, 1203 (M.D. Fla. 2018). Plaintiff neither identifies the constitutional right he alleges Deputy Emilius violated or the policy or practice that was the moving force behind that violation; as stated, his official capacity claim fails.

resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (*per curiam*).

In a qualified immunity analysis, the burden lies first with the official to "prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Terrell v. Smith*, 668 F.3d 1244, 1250 (11th Cir. 2012). If the official meets this burden, then "the burden shifts to the plaintiff to establish that qualified immunity is not appropriate." *Maddox v. Stephens*, 727 F.3d 1109, 1120 (11th Cir. 2013). To determine if a defendant was engaged in a discretionary function, courts look to whether the "government employee was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264-65 (11th Cir. 2004). Here, based on Plaintiff's allegations, Deputy Emilius's actions – questioning Plaintiff about a possible crime – fall within the discretionary function of a law enforcement official. *See id.*

The burden then shifts to Plaintiff to establish that qualified immunity is inappropriate. For Plaintiff to meet this burden, "(1) the relevant facts must set forth a violation of a constitutional right, and (2) the defendant must have violated a constitutional right that was clearly established at the time of defendant's conduct." *Taylor v. Hughes*, 920 F.3d 729, 732 (11th Cir. 2019). Here, the Court looks to decisions from the United States Supreme Court, the Eleventh Circuit, or the Supreme Court of Florida for clearly established law. *See Snider v. Jefferson State Cmty. Coll.*, 344 F.3d 1325, 1328 (11th

6

Cir. 2003) (citing *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1032–33 n. 10 (11th Cir. 2001) (*en banc*)).

### 1. Fourth Amendment

As an initial matter, Plaintiff avers Defendants "clearly" violated his "statutory or Constitutional rights of which a reasonable person would have known." (Doc. 1 at 4). Yet Plaintiff offers only conclusory, disjointed allegations. For example, it is not apparent from Plaintiff's complaint which of his constitutional rights Defendants allegedly violated or how. And although Plaintiff identifies Deputy Emilius as the law enforcement officer who confronted him outside his home, he does not plausibly explain how Defendant Kurvin, apparently a private citizen, is implicated in any unconstitutional behavior.[3]

Nonetheless, the Court liberally construes Plaintiff's complaint to allege that Deputy Emilius used excessive force resulting in an unreasonable seizure in violation of Plaintiff's Fourth Amendment rights. While the Fourth Amendment guarantees citizens the right to be free from unreasonable searches and seizures, that an interaction between law enforcement officer and a citizen occurred does not necessarily mean that a seizure has occurred. *United States v. Baker*, 290 F.3d 1276, 1277 (11th Cir. 2002). In the Eleventh Circuit, there are three categories of encounters between citizens and police: (1) "police-citizen communications involving no coercion or detention," (2) "brief seizures or investigative detentions," and (3) "full-scale arrests." *Gomez v. United States*, 601 F. App'x

---

[3] As stated in footnote 2, *supra*, Plaintiff's § 1983 claim against Defendant Kurvin fails.

7

841, 845 (11th Cir. 2015) (citing *United States v. Hastamorir*, 881 F.2d 1551, 1556 (11th Cir. 1989)).

When the actions of the police do not show an unambiguous intent to restrain, a seizure occurs only if, in view of all the circumstances, a reasonable person would have believed that they were not free to leave. *O'Boyle v. Thrasher*, 638 F. App'x 873, 877 (11th Cir. 2016) (citing *Brendlin v. California*, 551 U.S. 249, 255 (2007)). Stated differently, for a seizure to occur, a person must not be free to disregard the police and go on about his business. *West v. Davis*, 767 F.3d 1063, 1069 (11th Cir. 2014) (citing *California v. Hodari*, 499 U.S. 621, 628 (1991)). Courts consider "whether a citizen's path is blocked or impeded; whether identification is retained; the suspect's age, education and intelligence; the length of the suspect's detention and questioning; the number of police officers present; the display of weapons; and physical touching of the suspect, and the language and tone of voice of the police." *West*, 767 F.3d at 1074. The "ultimate inquiry" is whether the officer used force as a means of "coercion that would make [the plaintiff] feel he was not free to leave." *Miller v. Harget*, 458 F.3d 1251, 1258 (11th Cir. 2006).

Construing the allegations in a light most favorable to Plaintiff, a reasonable person in Plaintiff's position would feel free to leave. While Plaintiff alleges that "Emilius would not permit Murphy to go into his home to call an attorney," (Doc. 1 at 4) he does not allege that Deputy Emilius arrested him, blocked his path, asked him for identification, or physically touched him. Accepting as true that Deputy Emilius "plac[ed] her hand on her firearm," standing alone this does not rise to the level of a seizure under the Fourth Amendment.

Even if Deputy Emilius's actions constituted a seizure within the meaning of the Fourth Amendment, Plaintiff has not alleged that Deputy Emilius used any force against him, nor has he offered facts suggesting that her actions were unreasonable. *See Graham v. Connor*, 490 U.S. 386, 397 (1989) (under the Fourth Amendment, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation"). It is well settled in the Eleventh Circuit that derogatory, demeaning, profane, threatening, or abusive comments made by an officer, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation. *See Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989); *Major v. Ramsey*, No. 17-21160-CV-SCOLA, 2019 WL 4863944, at *7 (S.D. Fla. July 19, 2019). In short, even accepting Plaintiff's factual allegations as true does not compel the legal conclusion that Defendants violated Plaintiff's federally protected rights. Consequently, he has failed to state an excessive force claim under the Fourth Amendment.

### 2. Statutory violations

Plaintiff also cites to Title 18 of the United States Code, entitled "Crimes and Criminal Procedure," as a basis for his claims, specifically Sections 241 and 242 of Title 18, which address the crimes of "conspiracy against rights" and "deprivation of rights under color of law," respectively, and Sections 1621 and 1623 of Title 18, which are entitled the crimes of "perjury generally" and "false declarations before grand jury or court," respectively. To the extent Plaintiff is asking the Court to order the Department

9

of Justice to initiate a criminal investigation against Defendants, the "decision to investigate and prosecute crimes is entrusted to the executive branch." *Thibeaux v. U.S. Attorney Gen.*, 275 F. App'x 889, 892 (11th Cir. 2008) (citing *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000); U.S. Const., art. II, § 3). Therefore, the Court has no authority to initiate criminal investigations on its own. *See id.* (discussing that even under the power of the court to issue a *writ of mandamus* to compel an officer or employee of the United States or any agency to perform a duty owed to the plaintiff, a court may not control prosecutorial discretion).

Additionally, the Eleventh Circuit applies the long-standing principle that "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." *Otero v. U.S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) (affirming the dismissal of an action seeking a writ of mandamus to require the defendants to investigate and prosecute a former state attorney) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Plaintiff cannot rely on the cited sections of the criminal code to establish a cause of action for his private civil action. *See, e.g., Thibeaux*, 275 F. App'x at 893 (stating that sections 245 and 242 of Title 18 pertain to criminal law and do not provide a civil cause of action or any civil remedies).

Plaintiff cites to 28 U.S.C. § 2680 as another basis for his § 1983 claim. Section 2680 enumerates exceptions to suits brought against the United States under the Federal Tort Claims Act ("FTCA"), 18 U.S.C. §§ 2671-80; it applies exclusively to claims against the federal government and its agencies and employees. Here, Defendants are a county

sheriff's deputy and a private citizen. Plaintiff cannot rely on the FTCA to assert a cause of action.

### C. Conclusion

Plaintiff has failed to state a claim. The undersigned recommends that Plaintiff's request to proceed *in forma pauperis* be denied and the complaint dismissed without prejudice.

It is hereby

**RECOMMENDED:**

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**.

2. Plaintiff's Complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**.

IT IS SO REPORTED in Tampa, Florida, on December 28, 2020.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.


cc: Hon. Charlene E. Honeywell
Plaintiff, *pro se*