# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KEVIN J. MURPHY,

    Plaintiff,

v.                                       Case No. 8:20-cv-2819-KKM-SPF

CHRISTINA EMILIUS and
CHRISTOPHER KURVIN,

    Defendants.
_____/

## ORDER

On December 28, 2020, the United States Magistrate Judge entered a Report and Recommendation (Doc. 6), recommending that Plaintiff Kevin J. Murphy's Motion to Proceed *In Forma Pauperis* (Doc. 2) be denied. All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections under 28 U.S.C. § 636(b)(1). No objections were filed. Considering the record and the Magistrate Judge's Report and Recommendation, the Court **ACCEPTS** and **ADOPTS** the Report and Recommendation; **DENIES** Plaintiff's motion; and **DISMISSES** the case **WITHOUT PREJUDICE**.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific

objection to a finding of fact by the magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

In the absence of any objection and after reviewing the factual allegations and legal conclusions, the Court adopts the Report and Recommendation. The Report and Recommendation recommends that Plaintiff's request to proceed *in forma pauperis* be denied because Plaintiff failed to state a claim. (Doc. 6, at 11); *see* 28 U.S.C. § 1915(e)(2)(B) (providing that, in a proceeding *in forma pauperis*, a "court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted"). Plaintiff's Complaint cites 42 U.S.C. § 1983 as his basis for jurisdiction and alleges statutory causes of action under 18 U.S.C. §§ 241, 242, 1621, and 1623 and 28 U.S.C. § 2680. But these statutory claims fail because they are based either in the criminal code or the Federal Torts Claims Act (FTCA). *See Thibeaux v. U.S. Atty. Gen.*, 275 F. App'x 889, 893 (11th Cir. 2008) (explaining that similar "sections of Title 18 pertain to criminal law and do not provide a civil cause of action or any civil remedies" and that FTCA claims permit only "certain causes of action to be brought against *federal* officers acting in their official capacities") (emphasis added).

To the extent that Plaintiff's Complaint can be construed as alleging a constitutional violation, Plaintiff's claim also fails. Plaintiff's Complaint fails to state a cognizable claim of relief against Defendant Christopher Kurvin because Plaintiff fails to allege that Mr. Kurvin acted under color of law as required in a suit brought under 42 U.S.C. § 1983. *See Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). And Plaintiff fails to state a claim of relief against Defendant Deputy Christina Emilius in her individual and official capacities because Plaintiff neither sets forth relevant facts alleging a violation of a constitutional right, *Taylor v. Hughes*, 920 F.3d 729, 732 (11th Cir. 2019), nor facts alleging a deprivation of her rights under an official policy or custom, *see Monell Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978). Accordingly, it is now **ORDERED**:

(1) The **Report** and **Recommendation** (Doc. 6) is **ACCEPTED** and **ADOPTED** and made a part of this Order for all purposes, including appellate review.

(2) Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED** and this case is **DISMISSED WITHOUT PREJUDICE**.

(3) The Clerk's Office is directed to terminate any pending motions and deadlines and to close the case.

**ORDERED** in Tampa, Florida, on February 16, 2021.

*/s/ Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

3